Hitchcock, J.
The first question raised in the present case is, as to the sufficiency of that count of the indictment, under which the defendant, in the court below, was convicted. If we were to test this count by the rules of law, as applicable to ordinary cases, it would unquestionably be found to be defective. Every indictment should have a precise and sufficient certainty; should set forth the time and place of the commission of the offense. The offense itself'should be set forth with clearness and certainty, and must be so described as to bring it substantially within the provisions of the statute. The description, in this case, is vague and indefinite. It may.be sufficient as to time and place; but, although the defendant is charged with acting as an officer of a bank not incorporated by law, it is not stated what that office is; nor is the name or description of the bank given.
It is claimed, however, by the prosecuting attorney that this count is in conformity with the form prescribed by the legislature itself, in the law for the violation of which the defendant was indicted. If so, we do not feel ourselves authorized to declare it defective.
*The act of January 27, 1816, “to prohibit the issuing and circulating unauthorized bank paper,” Swan’s Stat. 136, took effect on the 1st of May of the same.year. In section 1 it is enacted, that if any person shall, within this state, act as an officer *61 of a bank not incorporated by a law of this state, the person so offending shall forfeit and pay the sum of $1,000. In section 3 those persons who shall be deemed and taken as officers of such bank are pointed out. In section 5 provision is made that all fines and forfeitures incurred under the act may be recovered by action of debt, or by indictment. And in the sixth is enacted, “ that in every such indictment, or presentment, it shall be sufficient to state, in substance, that the defendant, on the. day of-, acted as an officer of a bank not incorporated by law, without setting forth the special matter." By comparing the indictment now under consideration, with this form given us in the statute, it will be found that the form has been followed and adopted. And the indictment, being in conformity with this form, would seem to be sufficient.
It is claimed, however, by the counsel for the plaintiff in error, that a presentment, made by a grand jury, following, literally, this form, would not constitute an indictment; and, of course, to hold a person to trial under such an instrument, would be to violate the principles of the constitution. Section 10, of article 8, of this instrument, prescribes that “no person shall be put to answer any criminal charge but by presentment, indictment, or impeachment;” and section 11 of the same article, that “in all criminal proceedings the accused has a right to demand the nature and cause of the accusation against him, and to have a copy thereof.”
It would seem to be claimed that no law can be passed that will materially change the forms of indictments as they existed at the time of the formation of the constitution. We do not so understand that instrument. It is true that no person can be put to answer any criminal charge but by presentment, indictment, or impeachment. An individual accused of % crime can not be compelled to answer the charge until the same has been made through the intervention of a grand jury in the form of a presentment or indictment. Should the legislature pass an act to compel an individual to answer, without this prerequisite, such act would be in violation of the constitution and void. No such power is, as I believe, claimed by any of the numerous advocates for legislative supremacy. But this clause in the constitution has nothing to do with the particular forms of indictments. These forms will vary according to the nature of the criminal acts pro *62 hibited. The legislature have the power to declare what acts are criminal; and they have the same power to prescribe the forms of indictments for the commission of such criminal acts. They can not dispense with the indictment itself, but they can dispense with some of its technical formalities. Whether the ends of public justice are better attained by abandoning well-established precedents, is a different question. Daily experience teaches us that every innovation is not an improvement.
The simple question in this part of the case is, whether this instrument, following, as it does, the form prescribed by the statute, is an indictment. “An indictment,” says Blackstone (4 Com. 302), “ is a written accusation of one or more persons, of a crime or misdemeanor, preferred to, and presented by, a grand jury upon oath.” This instrument, now under consideration, contains a written accusation of the plaintiff in error, of a crime, to wit, the crime of acting as the officer of a bank not incorporated bylaw; and it was presented by.a grand jury upon oath, It is, then, an indictment, and we hold it to be sufficient.
The court of common pleas sentenced the plaintiff in error to pay a fine of $1,000, and that he stand committed until the sentence is complied with. It is claimed by the counsel for the plaintiff in error, that the court had not power to order this commitment. In England, and in some of the states of this Union, where the punishment of an offense is by fine, a part of the sentence is, that the person convicted stand committed until the fine is paid. In this state the whole *matter is regulated by positive law. In some cases it is directed that a part of the sentence shall be, that the culprit so stand committed; in others, it is not. And there is a general provision of law, authorising executions to enforce the collection of fines.
Under these circumstances, a majority of the court are of opinion that unless it is so provided by statute, the court has not power to order that a criminal stand committed for tho non-payment of a fine; and that the court of common pleas erred in ordering the committal of the plaintiff in error. What is the consequence? That court, in conformity with law, adjudged that the plaintiff in error pay a fine of $1,000; without authority of law, it was ordered that lie stand committed until the fine was paid. So far as this sentence is in conformity with law, it should be affirmed; so far as it is against law, it should be reversed. Judgment accordingly.